**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

UNITED STATES OF AMERICA                    CRIMINAL ACTION NO. 08-0314
                                            CIVIL ACTION NO. 11-2092

VERSUS                                      JUDGE S. MAURICE HICKS, JR.

SHARAY JOHNSON                              MAGISTRATE JUDGE HORNSBY

**MEMORANDUM RULING**

Before this Court is a Motion to Vacate, Set Aside, or Correct Sentence Under 28

U.S.C. § 2255 (Record Document 30) filed by the Petitioner, Sharay Johnson ("Johnson").

Johnson seeks an order from the Court vacating or reducing her sentence.  For the

reasons set forth below, Johnson's motion is **DENIED**.

**BACKGROUND**

On April 14, 2010, pursuant to a written plea agreement, Johnson plead guilty to

Count Eight of an Eleven Count indictment charging her with aiding or assisting in

preparation of false documents under internal revenue law in violation of 26 U.S.C. 7206(2).

(Record Document 15; 19 at 1).  On September 8, 2010, Johnson was sentenced within

the guideline range to 36 months imprisonment and, upon release, one year of supervised

release. (Record Document 19).  Counts One through Seven and Counts Nine through

Eleven of the indictment were dismissed. Id.  Johnson appealed the sentence imposed.

Specifically, she appealed the district court's calculation of the amount of restitution owed

to one of the persons injured by conduct charged in a different count of the indictment.  She

also appealed the special condition of supervised release requiring her to compensate the

IRS for its losses caused by all of her conduct, rather than merely conduct underlying the count on which she was convicted.   United States v. Johnson, 10-30911 (5th Cir. November, 2011).  This appeal was denied.  Id.

Johnson now brings this timely Section 2255 motion.  Johnson does not actually challenge either her guilty plea or her sentence; rather she pleads for leniency based on various policy grounds.  These include: (1) the amount of restitution she was ordered to pay; (2) the benefits of work release or home confinement programs; and (3) her maturation and contrition.  (Record Document 3 at 4).  Johnson did not raise a constitutional or jurisdictional ground supporting her claim.  Additionally, she did not allege that her sentence exceeded the maximum allowed by law or argue that her sentence was subject to collateral attack.  Rather, she appears to simply be asking the Court to decrease the thirty-six (36) months prison term and order her to participate in a lengthy work-release program or home confinement in place of incarceration.

## LAW AND ANALYSIS

Review under Section 2255 is limited to four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is otherwise subject to collateral attack." 28 U.S.C.  § 2255. Furthermore, issues raised and disposed of on direct appeal are not subject to further review under Section 2255.  See United States v. Segler, 37 F.3d 1131, 1134 (5th Cir. 1994).

After accepting a plea of guilty and exhaustion of a defendant's right to appeal, the Court is "entitled to presume that the defendant stands fairly and finally convicted." U.S.

v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991), quoting U.S. v. Frady, 456 U.S. 152, 164,

102 S.Ct. 1584, 1592 (1982).  "Our trial and appellate procedures are not so unreliable that

we may not afford their completed operation any binding effect beyond the next in a series

of endless post conviction collateral attacks.  To the contrary, a final judgment commands

respect."  Frady, 456 U.S. at 164-65, 102 S.Ct. at 1593.  Consequently, issues that can be

presented in a motion filed under 28 U.S.C. § 2255 are limited.  A defendant can challenge

a final conviction only on issues of constitutional or jurisdictional magnitude.  See Shaid,

937 F.2d at 232.  As the Fifth Circuit has stated:

> Relief under 28 U.S.C. § 2255 is reserved for transgressions
> of constitutional rights and for a narrow range of injuries that
> could not have been raised on direct appeal and would, if
> condoned, result in a complete miscarriage of justice.
> Nonconstitutional claims that could have been raised on direct
> appeal, but were not, may not be asserted in a collateral
> proceeding.

U.S. v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992) (citations omitted).

I.      **Ground One: Plea for Leniency**

Johnson's Section 2255 motion is actually a plea for leniency based on public policy

arguments.  As such, the court will analyze these arguments in conjunction with the four

applicable grounds for review found in Section 2255.

   a.  **Constitution and Laws of the United States**

Johnson has failed to challenge her conviction or sentence on Constitutional

grounds.  The policy arguments made to support her request for leniency are unrelated to

any conceivable Constitutional violation.  Additionally, she does not allege that her

sentence is in violation of the laws of the United States.  The Court's analysis on this

ground need go no further.

### b.  Jurisdiction

In cases in which a defendant has entered a guilty plea, the only question for the court to determine is whether the defendant's decision to plead guilty was voluntary.  See United States v. Cavitt, 550 F.3d 430, 441 (5th Cir. 2008).  A defendant who voluntarily pleads guilty waives all non-jurisdictional defects in the proceedings against him.  Cavitt, 550 F.3d at 441;  United States v. Daughenbaugh, 549 F.3d 1010, 1012. (5th Cir. 2008). Johnson does not claim that her guilty plea was coerced or involuntary in any way.  After an independent review of the record, including the transcript of the guilty plea proceeding, the Court is satisfied that Johnson voluntarily plead guilty to Count Eight of the Indictment from which she was sentenced; therefore, Johnson is barred from making such argument.

### c. Length of Sentence

While Johnson requests the Court to reconsider her prison sentence of 36 months and alternatively order her to complete a "lengthy work-release program" or "home confinement," she does not allege that her sentence exceeds the statutory maximum. The United States Sentencing Commission Guidelines recommended a sentence between 33 and 41 months. Johnson's sentence was well within this range.  However, the statutory maximum sentence for Johnson was 36 months. Irrespective of any claims made by Johnson, she was not sentenced above the 36 month statutory maximum, and therefore cannot challenge her sentence under this ground.

### d.  Collateral Attack

Johnson does not present any claims or evidence showing that her sentence is subject to collateral attack.  Rather than attack the sentence, Johnson's Section 2255

motion impliedly recognizes the validity of her sentence and simply pleads the Court to

show her leniency based on what she perceives to be good public policy.  Specifically,

Johnson requests to be moved to a work-release program because of the amount of

restitution she was ordered to pay.  Not only is a Section 2255 motion the improper vehicle

for such a request, but she also failed to raise such argument on appeal.  Nonconstitutional

claims that could have been raised on direct appeal, but were not, may not be asserted in

a collateral proceeding.  Vaughn, 955 F.2d at 368.  A defendant who fails to challenge his

conviction or sentence on direct review, but who raises either constitutional or jurisdictional

error for the first time on collateral review must show both "cause" for his procedural default

and "actual prejudice" resulting from the asserted error, or must demonstrate that he is

"actually innocent."  Bousley v. United States, 523 U.S. 614, 622, 118 S.Ct. 1604, 1611

(1998).  Johnson has failed to meet this burden.

## CONCLUSION

The Court finds Johnson has failed to present grounds on which the Court has

authority to review her sentence under 28. U.S.C. § 2255.  The defendant did not make a

constitutional or jurisdictional claim.  Additionally, she neither challenged the validity of the

length of her sentence nor attacked it on collateral grounds.  Section 2255 motions are not

appropriate grounds to make a plea for leniency without any basis in law.[1]

Accordingly,

**IT IS ORDERED** that Johnson's Motion to Vacate, Set Aside, or Correct Sentence

---

[1]Perhaps the more appropriate vehicle to make such a request for leniency is during the allocution.  This Court notes that rather than make this request during sentencing, Johnson only stated the following: "I just want to say that I take full responsibility for my actions, and I want to apologize to the victims that were involved in this situation."

Under 28 U.S.C. § 2255 (Record Document 30) be and hereby is **DENIED WITH PREJUDICE**.

Pursuant to Rule 11(a) of the Rules governing § 2255 proceedings for the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  "Before entering the final order, the court *may* direct the parties to submit arguments on whether a certificate should issue."  Rule 11(a) Rule Governing Section 2255 Proceedings for the United States District Courts (emphasis added).  Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals.

In this instance, a certificate of appealability is **DENIED** because the applicant has failed to demonstrate a substantial showing of the denial of a constitutional right.

An order consistent with the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 9th day of October, 2012.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE